IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PAUL NAGEL,

     Plaintiff,

v.                                    C.A. No.: 1:21-cv-625

SERENOVA, LLC,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAUL NAGEL (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendant, SERENOVA, LLC (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1.    This is an action by Plaintiff against his employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.    This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

## VENUE

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, SERENOVA, LLC, has offices Travis County, Texas.

## THE PARTIES

4.    Plaintiff, PAUL NAGEL, is an individual residing in Williamson County, Texas.

5.    Plaintiff, PAUL NAGEL, was employed by Defendant from August of 2017 until September 17, 2020.

6.    Defendant, SERENOVA, LLC, is a foreign limited liability company existing under the laws of the State of Delaware and maintains offices in Travis County, Texas.

7.    Defendant, SERENOVA, LLC, is a company that primarily operates as service company and is an employer as defined by 29 U.S.C. § 203(d).

8.    Defendant, SERENOVA, LLC, operates a communication software company that offers a platform that provides voice, chatting, email, recording, video conferencing and SMS communication services.   Defendant serves clients in the United States, the United Kingdom, and Canada.

9.     Defendant, SERENOVA, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10.     At all times material to this complaint, Defendant, SERENOVA, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11.     At all times material to this complaint, Defendant, SERENOVA, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12.     At all times material to this Complaint, Defendant was the employer of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

13.     Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities.   Specifically, Plaintiff performed work relating to the sales of products for interstate commerce.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

14.     Plaintiff re-alleges and incorporates herein paragraphs 1-13, *supra*.

15.     Plaintiff began his employment with Defendant as Vice President of

Sales at an annual rate of $145,000.00, plus commissions.

16.    On or about February 26, 2020, Plaintiff's job duties were changed in that the Plaintiff was moved to the position of "Regional Sales Manager."

17.    As Regional Sales Manager, Plaintiff: 1) worked solely from his home performing sales; 2) did not hold a position considered as exempt under the FLSA; and, 3) did not customarily and regularly perform at least one of the exempt duties or responsibilities of an exempt executive, administrative or professional employee.

18.    Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

19.    Plaintiff was not paid for his overtime work in accordance with the FLSA.

20.    Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

21.    Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

22.    The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

23.    In fact, Plaintiff worked numerous workweeks wherein he worked between 50 and 55 hours in each workweek of his employment.

24.    Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

25.    Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26.    As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

27.    Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, PAUL NAGEL, demands Judgment against Defendant for the following:

a.    Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b.    Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c.   Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d.   Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## CAUSE OF ACTION: BREACH OF CONTRACT

29.   Plaintiff re-alleges and incorporates herein paragraphs 3-8, and 12, *supra*.

30.   This claim is properly before this Court pursuant to 28 U.S.C. § 1367, as this claim is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

31.   On or about September 2, 2021, Plaintiff put in his notice to Defendant, SERENOVA, LLC, that he would be leaving his employment.

32.   As Plaintiff was providing his notice, Craig Malloy, Chief Executive Officer; Rick Froehlich, Chief Revenue Officer; and, Mike Strahan, VP of Sales (collectively sometimes referred to hereinafter as "The Management Team"), asked Plaintiff if he would agree to continue working the deals he had in progress to closure to not disrupt the sales process by inserting a new salesperson. The Management Team represented to the Plaintiff that as long as the deals closed within 30 days of his last day of employment, Defendant, SERENOVA, LLC,

would pay Plaintiff full commission on the deals.   The commissions would be paid was 50% to be paid on the last payday of the month after the deals closed.   The remaining 50% of the commission was to be paid when the customers went live with their service.

33.   Plaintiff accepted The Management Team's offer.

34.   Thereafter, in furtherance of the Parties' agreement, Plaintiff continued to work--even after his last date of employment--to secure the deals he had been working on as agreed by the Parties.

35.   After Plaintiff's last official day of employment, September 17, 2020, Plaintiff participated in numerous telephone calls with The Management Team, the clients and others while the accounts he had been working on fully transitioned to closure and were turned over to Defendant, SERENOVA, LLC's implementation team.

36.   At all times relevant to this lawsuit, The Management Team, was acting in the course and scope of their employment with Defendant SERENOVA, LLC.

37.   Defendant, SERENOVA, LLC is liable and responsible to Plaintiff for the acts and omissions of its employees, servants, agents, ostensible agents, officers and representatives under the doctrines of *respondeat superior*, agency, vicarious liability, agency by estoppel, and non-

delegable duty. Defendant SERENOVA, LLC is liable to Plaintiff under the doctrine of *respondeat superior* for the actions of its employees, Craig Malloy, Chief Executive Officer; Rick Froehlich, Chief Revenue Officer; and, Mike Strahan, VP of Sales.

38.  Plaintiff's last date of employment with Defendant, SERENOVA, LLC, was September 17, 2020.

39.  On September 16, 2020, a deal known as "AM Trust" closed and 1/2 of that commission was on Plaintiff's last paycheck at the end of September of 2020.   The other half of the commission, approximately $1,500.00, still has not been paid to the Plaintiff in accordance with the terms that The Management Team agreed to on behalf of Defendant, SERENOVA, LLC.

40.  On September 25, 2020, a deal known as "Shop LC" closed.    Plaintiff has not received any commission on the Shop LC deal.    The commission for the Shop LC is approximately $3,000.00.

41.  In September 21, 2020, a deal known as "Backcountry" closed. Plaintiff was paid approximately one-half of the commission owed on the Backcountry deal on October 30, 2020.   The remaining one-half of the commission is still unpaid.   The other half of the commission, approximately $13,000.00, still has not been paid to the Plaintiff in

accordance with the terms that The Management Team agreed to on behalf of Defendant, SERENOVA, LLC.

42.   Defendant breached the Parties' agreement by not compensating Plaintiff the commissions earned at the appropriate agreed upon rate.

43.   As a result of Defendant's breach of the Parties' contract, Plaintiff has been damaged.

44.   All conditions precedent to this contract have occurred, have been waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, SERENOVA, LLC, for the following:

a.   Awarding Plaintiff his unpaid commissions/wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

b.   Awarding Plaintiff pre-judgment interest as provided by law; and

c.   Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT III
## CAUSE OF ACTION: QUANTUM MERUIT

45.   Plaintiff re-alleges and incorporates herein paragraphs 3-8, 12, and 29-44, *supra*.

46.   Plaintiff performed valuable services to Defendant, SERENOVA, LLC, which were accepted by Defendant, SERENOVAL, LLC.

47.   Plaintiff performed work after his last date of employment under

circumstances that Defendant, SERENOVA, LLC, reasonably knew that the Plaintiff would expect to be paid for his work.

48.    The Plaintiff has been damaged due to Defendant, SERENOVA, LLC's failure to pay him the commission he is owed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, SERENOVA, LLC, for the following:

a.    Awarding Plaintiff his unpaid wages/commissions, compensatory damages, attorneys' fees and litigation expenses as provided by law;

b.    Awarding Plaintiff pre-judgment interest as provided by law;

c.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT IV
## CAUSE OF ACTION: UNJUST ENRICHMENT

49.    Plaintiff re-alleges and incorporates herein paragraphs 3-8, 12, and 29-44, *supra*.

50.    Plaintiff rendered valuable services to Defendant, SERENOVA, LLC., for the benefit of Defendant, SERENOVA, LLC.

51.    Defendant, SERENOVA, LLC, accepted, used and enjoyed the services Plaintiff provided.

52.    Plaintiff rendered valuable services to Defendant, SERENOVA, LLC, under such circumstances as reasonably notified Defendant, SERENOVA, LLC, that the Plaintiff in performing such services was

expecting to be paid by Defendant, SERENOVA, LLC.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, SERENOVA, LLC, for the following:

a.   Awarding Plaintiff his unpaid wages/commissions, compensatory damages, attorneys' fees and litigation expenses as provided by law;

b.   Awarding Plaintiff pre-judgment interest as provided by law;

c.   Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT V
## CAUSE OF ACTION: PROMISSORY ESTOPPEL

53.   Plaintiff re-alleges and incorporates herein paragraphs 3-8, 12, and 29-44, *supra*.

54.   The Management Team, on behalf of Defendant, SERENOVA, LLC, made a promise to Plaintiff to pay him for the commissions earned.

55.   It was foreseeable that the Plaintiff would rely upon said promise.

56.   Plaintiff substantially relied upon the promise to his detriment, specifically Plaintiff expended his time, talent, and labor closing sales for Defendant.

57.   Injustice can be avoided only by the enforcement of Defendant, SERENOVA, LLC's promise.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, SERENOVA, LLC, for the following:

a.    Awarding Plaintiff his unpaid wages/commissions, compensatory damages, attorneys' fees and litigation expenses as provided by law;

b.    Awarding Plaintiff pre-judgment interest as provided by law;

c.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, PAUL NAGEL, demands a jury trial on all issues so triable.

Respectfully submitted this July 15, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com


_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**